FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY

UNITED STATES DISTRICT COURT EASTERN DISTRICT OF LOUISIANA

CLERK

**13 - 481**

**SECT. H MAG. 2**

| | |
|---|---|
| Name (under which you were convicted): **Castadell Ruffin** | Docket or Case No.: |
| Place of Confinement: **Louisiana State Penitentiary** | Prisoner No. 243717 |
| Name of Petitioner **CASADELL RUFFIN** | V. | Name of Respondent (custodian): **N. BURL CAIN** |

The Attorney General of the State of Louisiana: **JAMES D. CALDWELL**

## PETITION

1.   (a)   Name and location of court which entered the judgment of conviction under attack: **24ᵗʰ Judicial District Court , Jefferson Parish, Louisiana**

    (b)   Criminal docket or case number (if you know): **00-5965**

2.   (a)   Date of judgment of conviction:

    (b)   Date of sentencing: **March 19, 2002**

3.   Length of sentence: **Sixty (60) years**

4.   In this case, were you convicted on more than one count or of more than one crime?

    [ ]  Yes    [ X ]  No

5.   Identify all crimes of which you were convicted and sentenced in this case: **La. R.S. 40:981.3/15:529.1 Distribution of cocaine within 1000 ft. of a school; Habitual Offender**

6.   (a)   What was your plea?  [ X ]  (1) Not guilty  [ ]  (3) Nolo contendere (no contest)

                    [ ]  (2) Guilty      [ ]  (4) Insanity plea

    (b)   If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? **N/A**

    (c)   If you went to trial, what kind of trial did you have? (Check one)

        [ ]  Jury        [ X ]  Judge only

7.   Did you testify at a pretrial hearing, trial, or a post-trial hearing? Yes [ ] No [ ]

8.   Did you appeal from the judgment of conviction?     Yes  [ X ]  No  [ ]

**TENDERED FOR FILING**

**FEB 2 0 2013**

**U.S. DISTRICT COURT
Eastern District of Louisiana
Deputy Clerk**

Fee $5.00
___ Process_____
X Dktd_____
___ CtRmDep_____
___ Doc. No._____

2

9.    If you did appeal, answer the following:

    (a)    Name of court: **Fifth Circuit Court of Appeal**

    (b)    Docket or case number (if you know): **02-798**

    (c)    Result: **Conviction Affirmed**

    (d)    Date of result (if you know): **12/30/02**

    (e)    Citation to the case (if you know): **836 So 2d 625**

    (f)    Grounds raised: **Insufficient evidence; waiver of right to jury trial; trial court failed to rule on motions to suppress; trial court failure to advise defendant of rights at habitnal offender hearing; failure to advise defendant of two year prescriptive period.**

    (g)    Did you seek further review by a higher state court?  Yes  [ X ]  No   [  ]

        If yes, answer the following:

        (1)  Name of court: **Louisiana Supreme Court**

        (2)  Docket or case number (if you know): **2003-3473**

        (3)  Result: **Denied**

        (4)  Date of result (if you know): **12/10/04**

        (5)  Citation to the case (if you know): **888 So 2d 831**

        (6)  Grounds raised: **same as in 9f**

    (h)    Did you file a petition for certiorari in the United States Supreme Court?

    Yes [  ]  No   [ X ]

        If yes, answer the following:

        (1)  Name of court: _____

        (2)  Docket or case number (if you know): _____

        (3)  Result: _____

        (4)  Date of result (if you know): _____

        (5)  Citation to the case (if you know): _____

10.   Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?

        Yes    [ X ]  No    [  ]

11.   If your answer to Question 10 was "Yes," give the following information:

    (a)    (1)    Name of court: **24ᵗʰ Judicial District Court**

        (2)    Docket or case number (if you know): **00-5965**

        (3)    Date of filing (if you know):

            1.  Nature of the proceeding: **Motion to correct illegal sentence**

(5)    Grounds raised: **Illegal Sentence due to Application of LA. R. S. 15:529.1, A violation of the Fourteenth Amendment Requirement that [O]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt ?**

    (6)    Did you receive an evidentiary hearing on your petition, application or motion?

        Yes   [ ]   No   [ X ]

    (7)    Result: <u>Denied</u>

    (8)    Date of result (if you know): _____

(b)    If you filed any second petition, application or motion, give the same information:

    (1)    Name of court: <u>24th Judicial District Court</u>

    (2)    Docket or case number (if you know): <u>00-5965</u>

    (3)    Date of filing (if you know): _____

    (4)    Nature of the proceeding: <u>Motion to correct illegal sentence</u>

    (5)    Grounds raised: **Defendant was Illegally Sentenced When The Trial Court Adopted an Incorrect Statement of The Original Sentence Imposed as The Trial Court's Intent at Original Sentence was to Impose a Lenient Sentence ?**

    (6)    Did you receive a hearing where evidence was given on your petition, application, or motion?    Yes  [ ]  No   [ X ]

    (7)    Result: <u>Denied</u>

    (8)    Date of result (if you know): _____

(c)    If you filed any third petition, application, or motion, give the same information:

    (1)    Name of court: <u>24th Judicial District Court</u>

    (2)    Docket or case number (if you know): <u>00-5965</u>

    (3)    Date of filing (if you know): _____

    (4)    Nature of the proceeding: <u>Motion to correct illegal sentence</u>

    (5)    Grounds raised: **Whether the imposition of imprisonment at Hard Labor renders illegal Castadel Ruffin's Habitual Offender sentence under former 15:529.1 (G)**

    (6)    Did you receive a hearing where evidence was given on your petition, application or motion?    Yes  [ ]  No   [ X ]

    (7)    Result: <u>Denied</u>

    (8)    Date of result: _____

(d)    Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

    (1)    First petition, etc.    Yes  [ X ]  No  [ ]

    (2)    Second petition, etc.    Yes  [ X ]  No  [ ]

(3)    Third petition, etc.    Yes    [ X ]   No    [ ]

(c)    If you did not appeal to the highest state court having jurisdiction, explain why you did not:_____

12.    For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States.  Attach additional pages if you have more than four grounds.  State the facts supporting each ground.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court.  Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

**GROUND ONE:**

(a)    Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.): *See Memorandum of Law attached hereto* _____

(b)    If you did not exhaust your state remedies on Ground One, explain why: _____

_____

(c)    **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue:

[ ]    Yes    [ X ]   No

(2) If you did not raise this issue in your direct appeal, explain why: **Best raised in post**

**proceedings**

(d)    **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?    [ X ]Yes   [ ]    No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: **Motion to correct illegal sentence**

Name and location of the court where the motion or petition was filed: **24th JD**

Docket or case number (if you know): **00-5965**

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available).

(3) Did you receive a hearing on your motion or petition? [ ]   Yes    [ X ]   No

(4) Did you appeal from the denial of your motion or petition? [ X ] Yes   No [ ]

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

[ X ] Yes   No [ ]

(6) If your answer to Question (d)(4) is "Yes," state:

5

Name and location of the court where the appeal was filed: Fifth Circuit Court of Appeal

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available).

(7) If your answer to Question (d)(4) or Question (d)(4) is "No," explain why you did not raise this issue: _____

(e)     Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One:

_____

13.   Please answer these additional questions about the petition you are filing:

(a)     Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction? [X ] Yes   No  [ ]

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them:_____

_____

(b)     Is there any ground in this petition that has not been presented in some state or federal court? If so, ground or grounds have not been presented, and state your reasons for not presenting them: _____

_____

14.   Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?  [ ] Yes   No  [ X ]

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available.

15.   Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?        [ ] Yes   No  [ X ]

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding,    the issues raised.

16.   Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: _____

(b) At arraignment and plea: _____

(c) At trial: _____

(d) At sentencing:_____

6

(e) On appeal: _____

(f) In any post-conviction proceeding:**None**

(g) On appeal from any ruling against you in a post-conviction proceeding: **None**

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?     [ ] Yes   No [ **X** ]

(a) If so, give name and location of court that imposed the other sentence you will serve in the future.

_____

(b) Give the date the other sentence was imposed: _____

(c) Give the length of the other sentence: _____

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future? [ ] Yes   No [ **X** ]

18. **TIMELINESS OF PETITION:** If your judgment of conviction became final over one year ago, you must explain the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.

**See Memorandum**

**THEREFORE**, petitioner asks that the Court grant the following relief: Reverse his conviction and sentence or any other relief to which petitioner may be entitled.

Respectfully submitted by:

*Castadell Ruffin*

Castadell Ruffin # 243717
Main Prison-Walnut-2
Louisiana State Prison
Angola, Louisiana 70712

I declare (certify, verify, or state) under penalty of perjury that the foregoing is true and correct and correct and that this Petition for Writ of Habeas Corpus was placed in the mailing system. Executed (signed) on the day of February _____ , 2013.

*Castadell Ruffin*

Castadell Ruffin # 243717

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

**RECEIVED**

FEB 2 0 2013

Legal Programs Department

SCANNED at LSP and Emailed
2/20/13 by CM . 85 pages
date      initials   No.

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

### DOCKET NO: _____

### CASTADELL RUFFIN,
Petitioner

### VERSUS

### BURL CAIN, WARDEN
### LOUISIANA STATE PRISON,
Respondent

## PETITION FOR HABEAS CORPUS RELIEF
## REQUEST FOR EVIDENTIARY HEARING

### ORIGINAL PETITION ON BEHALF OF
### CASTADELL RUFFIN

RESPECTFULLY SUBMITTED BY:

*Castadell Ruffin*

CASTADELL RUFFIN # 243717
MAIN PRISON-WALNUT-2
LOUISIANA STATE PRISON
ANGOLA, LA. 70712

# TABLE OF CONTENTS

**PAGE NO:**

HABEAS CORPUS APPLICATION

TABLE OF CONTENTS......................................................................... i

TABLE OF AUTHORITIES.................................................................... ii

STATEMENT OF THE JURISDICTION................................................ 2

INTRODUCTION.................................................................................... 1

FACTUAL BACKGROUND AND PROCEDURAL POSTURE ................. 2

LAW AND ARGUMENT FOR EQUITABLE TOLLING............................. 4

VIOLATIONS OF THE STATUTES AND OF CONSTITUTIONAL LAW.. 7

REASONS TO GRANT EQUITABLE TOLLING....................................... 8

QUESTIONS OF LAW ............................................................................. 12

LAW AND ARGUMENT.......................................................................... 12

1. Whether the imposition of imprisonment at Hard Labor renders illegal
   Castadel Ruffin's Habitual Offender sentence under former 15:529.1 (G)?

2. Defendant was Illegally Sentenced When The Trial Court Adopted an
   Incorrect Statement of The Original Sentence Imposed as The Trial Court's
   Intent at Original Sentence was to Impose a Lenient Sentence

3. Illegal Sentence due to Application of LA. R. S. 15:529.1, A violation of the
   Fourteenth Amendment Requirement that [O]ther than the fact of a prior
   conviction, any fact that increases the penalty for a crime beyond the
   prescribed statutory maximum must be submitted to a jury, and proved
   beyond a reasonable doubt.

CONCLUSION ............................................................................................ 24

CERTIFICATE OF SERVICE ................................................................... 24

8

<u>**APPENDIX/**</u>

"A"   Motions to Correct Illegal Sentence

"B" Ruling from Fifth Circuit Court of Appeals denying Supervisory Writs on

"C" Ruling from Louisiana Supreme Court denying review on

**EXHIBITS**

EX. "1"

I

## TABLE OF AUTHORITIES

### U.S. Constitution

5th Amendment.................................................................................passim

6th Amendment ...............................................................................passim

14th Amendment..............................................................................passim

### Federal Statutes

28 U.S.C. § 2244..............................................................................passim

28 U.S.C. §§ 2241 and 2254............................................................passim


### United States Supreme Court Cases

*Apprendi v. New Jersey, 530 U.S. 466, (2000);*   23

*Blakely v. Washington, 124 S. Ct 2531 (2004);* 23

*Bozza v. United States, 330 U.S. 160, 67 S. Ct. 645, 91 L, Ed 818 (1947).* **18**

*Ring v. Arizona, 122 S. Ct. 2428 (2002),* 23

### Federal Cases

*Anderson v. Johnson*, 338 F. 3d 382, 386 (5th Cir. 2003). 4

*Armsted v. Maggio*, 720 F. 2d 894, 896 (5th Cir. 1983). 3

*Dixon v. Cain, 316 F. 3d 553, 556 (5th Cir. 2003). 12*

*Flanagan v. Johnson, 154 F. 3d 196, 202 (5th Cir. 1998) 12*

*Garner v. Cain,* 99-3272 "G", 2000 U.S. Dist. LEXIS 6451 (E.D. La. May 1, 2000)   3

*Hill v. Johnson, 210 F. 3d 481, 485 (5th Cir. 200). 12*

*Lambert v. Blodgett, 393 F. 3d 943, 965-966 (9th Cir. 200__) 3*

*U.S. v. Lauersen, 348 F 3d 329 (CA. 2 N.Y. 2003),* 23

*Llerena v. United States, 508 F 2d 78 (5th Cir. 1975). 18*

*Mercandel v. Cain*, 179 F. 3d 271, 275 (5th Cir. 1999) 3

*United States v. Allen*, 588 F. 2d 183 (5th Cir. 1979); 18

*U.S. v. Booker*, 2005 WL 50108 (2005) 23

*Williams v. Taylor*, 529 U.S. 362, 405-06; 120 S. Ct 1495; 146 L. Ed. 2D 389 (2000) 12

*Ybanez v. Johnson*, 204 F. 3d 645, 646 (5th Cir. 2000) 12

**State Cases**

*Gootee Construction, Inc. v. Amwest Surety Ins. Co.*, 00-2341 (La. 11/13/00), 775 So 2d 1044; 7

*SWAT 24 Shreveport Bossier Inc v. Bond*, 808 So 2d 294, 305 (La. 6/29/01); 16

*State v. Carr*, 716 So 2d 1271, 1274 (La. 5/26/00); 17

*State v. Clark*, 391 So 2d 1194 (LA. 1980); 16

*State v. Cordero*, 08-1717 (La. 10/3/08), 993 So 3d 203, reh'g denied (La. 10/31/08) 8

*State v. Dixon*, 584 So 2d 668 (La. 1991); 16

*State v. Desdunes*, 579 So 2d 452 (La. 1991) 21

*State v. Lecompte*, 406 So 3d 130, 133 (La. 1981) (on rehearing) 15

*State v. Normand*, 285 So 2d 210, 211 (La. 1973) 15

*State v. Ruffin*, 836 So 2d 625 (La App. 5 Cir 2002) 2

*State v. Ruffin*, 888 So 2d 831 (LA. 2004) 2

*State v. Williams*, 815 So 2d 378 (La. App. 1st Cir. 3/28/02) 17

*State ex rel. Terry L. James v. John Whitley*, 646 So 2d 366 (La. 1994) 14

*The Oaks Care Center v. Dessells*, 01-1001 (La. 4/11/01), 788 So 2d 1195; 7

**STATE STATUTES**

LA R.S. 40:981.3 1

La. R.S. 15:529.1  1

La. C.Cr.P. Art. 882,  14

LSA-C.Cr.P. 930.8 (A).  14

LSA-R.S. 14:30.1  15

LSA-R.S. 14:32)  15

LSA-R.S. 14:91.11 (D)  15

La. R.S. 15:529.1 (G)  15

La. R.S. 14:63.3


Act No. 69, 2010  15

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| CASTADELL RUFFIN | ) | CIVIL NO. |
| **Petitioner,** | ) | |
| | ) | **ACTION FOR FEDERAL HABEAS** |
| vs. | ) | **CORPUS RELIEF FROM CONVICTION** |
| | ) | **IN THE 24TH JUDICIAL DISTRICT** |
| BURL CAIN, Warden | ) | **COURT, PARISH OF JEFFERSON,** |
| Louisiana State Penitentiary, | ) | **STATE OF LOUISIANA, NO.: 00-5965** |
| **Respondent.** | ) | |
| | ) | |

**MEMORANDUN IN SUPPORT
OF PETITION FOR WRIT OF HABEAS CORPUS
PURSUANT TO 28 U.S.C. §§ 2241 and 2254**

COMES NOW, Petitioner Castadell Ruffin (hereafter "Petitioner"), in pro se, and submits the

following Memorandum in Support of his Petition Under 28 U.S.C. § 2254 For Writ of Habeas Corpus

by Person in State Custody. In support thereof, Petitioner states as follows:

**INTRODUCTION**

Petitioner is presently serving a sixty (60) year sentence at the Louisiana State Penitentiary at

Angola, Louisiana for his May 10, 2001  conviction for distribution of cocaine within 1000 feet of a

school, in violation of LA R.S.  40:981.3; Second offender pursuant to La R.S. 15:529.1.  In his

present Petition for Writ of Habeas Corpus, Petitioner raises the following claims:

1.  Whether the imposition of imprisonment at Hard Labor renders illegal
Castadel Ruffin's Habitual Offender sentence under former 15:529.1 (G)?

2.  Defendant was Illegally Sentenced When The Trial Court Adopted an
Incorrect Statement of The Original Sentence Imposed as The Trial Court's
Intent at Original Sentence was to Impose a Lenient Sentence ?

3.  Illegal Sentence due to Application of LA. R. S. 15:529.1, A violation of the
Fourteenth Amendment Requirement that [O]ther than the fact of a prior
conviction, any fact that increases the penalty for a crime beyond the
prescribed statutory maximum must be submitted to a jury, and proved
beyond a reasonable doubt ?

1

## STATEMENT OF JURISDICTION

Jurisdiction is properly vested in the U.S. District Court of the Eastern District of Louisiana pursuant to 28 U.S.C. §§ 2241 and 2254.

## FACTUAL BACKGROUND AND PROCEDURAL POSTURE

On or about August 21, 2000, the Jefferson Parish District Attorney's Office filed a bill of information charging Castadel Ruffin with a violation of LSA-R.S. 40:981.3, distribution of cocaine within 1000 feet of a school. At arraignment, he plead not guilty. After trial, Castadel Ruffin was convicted as charged. On May 30, 2001, the trial court sentenced Mr. Ruffin to imprisonment at hard labor for twenty (20) years. The District Attorney filed an Habitual Offender bill of information seeking to have him adjudged a third felony offender. Following a multiple bill hearing, the trial court found him to be a second offender, vacated the original sentence, and sentenced Mr. Ruffin under LSA-R.S. 15:529.1 to imprisonment at hard labor for sixty (60) years, without the benefits of parole, probation, or suspension of sentence.

Louisiana Court of Appeal for the 5th Circuit denied Petitioner's counseled claims after merit review. *See generally, State v. Ruffin,* 836 So 2d 625 (La App. 5 Cir 2002).

The Louisiana Supreme Court denied Petitioner's Application for Writs of Certiorari on 12/10/2004. *See State v. Ruffin,* 888 So 2d 831 (LA. 2004)

Petitioner submitted his Post Conviction in the form of Motions to Correct illegal sentences on raising the following claims: App. at "A"

> 1. Whether the imposition of imprisonment at Hard Labor renders illegal Castadel Ruffin's Habitual Offender sentence under former 15:529.1 (G)?
>
> 2. Defendant was Illegally Sentenced When The Trial Court Adopted an Incorrect Statement of The Original Sentence Imposed as The Trial Court's Intent at Original Sentence was to Impose a Lenient Sentence ?

2

3.   Illegal Sentence due to Application of LA. R. S. 15:529.1, A violation of the Fourteenth Amendment Requirement that [O]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt ?

Judge Darensburg delivered all of the judgment of the lower court denying Petitioner's Motions in their entirety.

The Fifth Circuit denied writs on September 15, 2011. App. at "B".  The Louisiana Supreme Court followed suit on June 22, 2012. *See State ex rel. Castadel Ruffin v. State*, No. 2011-KH-2297, (La.6/22/ 2012). App. at "C"

Applicants seeking Federal Habeas relief under 28 U.S.C. § 2241 et seq. are required to exhaust all claims in state court prior to requesting federal collateral relief. *Mercandel v. Cain*, 179 F. 3d 271, 275 (5ᵗʰ Cir. 1999). "The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court." *Armsted v. Maggio*, 720 F. 2d 894, 896 (5ᵗʰ Cir. 1983).  Habeas claims can be exhausted for §2254 purposes during either direct appeal or state post-conviction review. *Garner v. Cain*, 99-3272 "G", 2000 U.S. Dist. LEXIS 6451 (E.D. La. May 1, 2000) (finding raised by petitioner on direct appeal "properly exhausted and ripe for habeas review.") Petitioner's pro se Petition for Post Conviction Relief and his subsequent request for Remedial and/or Supervisory Writs fairly presented the facts and law of Petitioner's Federal Habeas claims enumerated herein. Although exhaustion inquiries are fact specific, " as a general rule dismissal is not required when evidence presented for the first time in a habeas proceeding supplements, but does not fundamentally alter, the claim presented tot he state courts." *Anderson v. Johnson*, 338 F. 3d 382, 386 (5ᵗʰ Cir. 2003).

Petitioner's claims were adjudicated on the merits before  the Louisiana 24th Judicial District Court,the Louisiana 5ᵗʰ Circuit Appeals Court and Louisiana Supreme Court,  notwithstanding that

3

those courts failed or refused to grant Petitioner's request for an evidentiary hearing. The phrase "adjudicated on the merits" as it appears in 28 U.S.C. § 2254 "does not require that state have conducted evidentiary hearing, or indeed, any particular kind of hearing; state has 'adjudicated' petitioner's constitutional claim 'on the merits' for the purpose of 28 U.S.C. § 2254 (d) when it has decided petitioner's right to post-conviction relief on the basis of substance of constitutional claim advanced, rather than denying claim on the basis of procedural or other rule precluding state court review of merits." See generally, *Lambert v. Blodgett*, 393 F. 3d 943, 965-966 (9th Cir. 200__). As will be noted, *infra*, the 24th Judicial District Court's, and subsequent appellate courts', summary disposition of Petitioner's Post-Conviction Application represents both departure from clearly established Federal law, as determined by the Supreme Court of the United States and an unreasonable determination of facts in light of the evidence presented in the State court proceedings.

This Application for Writ of Habeas Corpus pursuant to 28 U.S.C. §§ 2241 and 2254 follows, asking this Court to grant him Equitable tolling for the following reasons, below.

## LAW AND ARGUMENT FOR EQUITABLE TOLLING

In the instant Application for Writ of Habeas Corpus, petitioner raises three ( 3 ) claims for relief. .

Mr. Ruffin files his application for writ of habeas corpus pursuant to 28 U.S.C. § 2254 into this Honorable Court which is based upon equitable tolling, his one year under AEPDA having elapsed before pursuing federal relief, which was caused by the handling of Mr. Ruffin's appeal in the Fifth Circuit Court of Appeals.

This petition is submitted at this time because the Louisiana Fifth Circuit Court of Appeals departed from proper judicial proceedings or so abused it's powers, or sanctioned such departure or abuse by the lower court, as to call for an exercise of this court's federal authority. The petitioner respectfully informs this court that the Fifth Circuit Court of Appeals did not provide adequate

4

constitutional review of pro-se writ applications filed between February 8, 1994 and May 21, 2007, thereby leaving over 2,000 pro-se writs applications not exhausted on the state level to enter into the federal courts which includes Mr .Ruffin.

Between February 8, 1994 and May 21, 2007, over 2,000 pro-se writ applications were filed in the Louisiana Fifth Circuit Court of Appeal, including those of Mr. Ruffin's. None of these pro-se writs received review by a three-judge-panel as required by law. Under Louisiana law, the appeal courts are without judicial authority to adopt said process, which also denied Mr. Ruffin's guaranteed rights under the United States Constitution.

An en banc meeting of the judges of the Louisiana Fifth Circuit Court of Appeal was held on February 8, 1994, wherein all presiding judges decided that pro-se (unrepresented parties) writ applications would be treated differently from writ application filed by parties who were represented by counsel. The minutes from the February 8, 1994 en banc meeting state in pertinent part: *"Effective immediately, Judge Dufresne will handle all pro-se writ applications and will not be included in the handling of regular writ application. Special or unusual writ application will be presented to a regular panel."* What the minutes do not state, but what in fact transpired, was that one judge thereafter reviewed pro-se writ applications until this illegal procedure was exposed on May 21, 2007. (See Ex. 1)

Under this illegally adopted procedure, when pro-se writs were received by the court, they were forwarded to Central Staff Director Jerrold Peterson. Rather than assign these applications a random panel, Mr. Peterson would, pursuant to unwritten court instructions, review the applications himself and decide on a ruling to be made from a form list of "typical rulings." The ruling number was recorded by Peterson on a "sticky note," which was then attached to the application. ( the notes also typically contained additional information such as a particular pair of alphabetical letters, i.e. "W.D." which stood for writ denied.) The application and attached note were given to Central Staff secretary, who typed the form ruling onto a disposition sheet. Once the writ disposition sheets were typed by the

secretary, they were returned to Mr. Peterson who would take the sheets to Judge Edward Dufresne for his signature. The entire process was usually completed within three to five business days after the application was filed, unlike the court's process for represented criminal defendants, whose writs were in fact reviewed by a three judge panel as required by law and normally took one month to process.

Unlike the applications submitted by defendants represented by counsel, the pro-se writ applications were not presented to the Central Staff Attorneys, law clerks, research attorneys, or other two judges whose names were type on the disposition sheet. Therefore, the applications were not reviewed by a legally mandated three-judge-panel to ascertain whether the issue as presented therein contained factual allegations or constitutional violations, which, if established, would entitle an applicant to relief.

Because they contained the signature of one judge and the typed names of two other judges, the pro-se writ disposition sheets represented that a three-judge-panel ruled on the case, creating only the appearance that each ruling complied with Louisiana Uniform Rules of Appeal, Rule 1-5, Louisiana Statutory Law, and the right to judicial review afforded by the State and Federal Constitution.

Between 1994 and 200, Judges Dufresne, Grisbaum and Cannella, were the only judges who comprised the "three judge panel." Between 2000 and 2006, the "panel" was made up of Judges Dufresne, Cannella and Edwards. Between 2006 and 2007, the panel consisted of Judges Dufresne, Edwards and Rothchild.

The unlawful conduct referred to above ceased upon the suicide of Mr. Peterson on May 21, 2007. Mr. Peterson left a suicide note, now in the possession of the Gretna Police Department, in which, according to a person present for the reading of the note, he described the unlawful disposition of pro-se writ applications. Mr. Peterson had also described this practice previously. In a prior written statement to Karla Baker, Mr. Peterson stated as follows: "As the Feb. 8, 1994 minutes reflect, Judge Dufresne was to handle all pro-se writs. That has been done for (11) years by me. I developed a series

6

of typical rulings, as shown on the attached list of numbered rulings. When a writ came in from an inmate, I would merely use a yellow sticky note to refer to a ruling number. My secretary would then type the ruling and Judge Dufresne would then sign it. The other panel members did not even see the writ application or the ruling."

The court changed it's policies after Mr. Peterson"s death, conforming them to their procedures followed in cases with applicants represented by counsel. This change however, in fact did nothing to redress the harm done to pro-se applicants in the past.

## VIOLATIONS OF THE STATUTES AND OF CONSTITUTIONAL LAW

The Louisiana Supreme Court has general supervisory jurisdiction over all courts in Louisiana, and the Louisiana Supreme Court alone has the inherent authority, by virtue of the Louisiana Constitution and statutory law, to establish or change procedural and administrative rules not in conflict with law. The judges of the Louisianan Circuit Courts of Appeal do not have such authority . Mr Ruffin contends that the customs, process, policy, and procedures developed by the Louisiana Fifth Circuit Court of Appeal to adjudicate pro-se writ applications were rendered in complete absence of jurisdiction.

Mr. Ruffin contends that the judges of the Fifth Circuit Court of Appeal arbitrarily treated writ applications filed with assistance of counsel disparately from pro-se writ applications file by applications filed by applicants who could not afford assistance of counsel, and that, as a result, Mr. Ruffin was arbitrarily and capriciously denied his right to due process, judicial review, equal protection and access to the courts in violation of the Fifth and Fourteenth Amendments to the United States Constitution Article §§ 1,2,3,19,22 and Article V § 5,8 of the Louisiana Constitution of 1974.

Mr. Ruffin states that the Fifth Circuit's modified treatment of pro-se writ applications (as evidenced by it's en banc order) violates mandates regarding minimum panel requirements for cases filed in the Courts of Appeal. See generally, La. Const. Art.V § 2adnd 8' Rule 1-5 of the Uniform Rules