of Court of Appeal, and *Gootee Construction, Inc. v. Amwest Surety Ins. Co.*, 00-2341 (La. 11/13/00), 775 So 2d 1044; *The Oaks Care Center v. Desselle*, 01-1001 (La. 4/11/01), 788 So 2d 1195.

The State and Federal agents have the responsibility to protect the life, liberty and property of it's citizens. Part and parcel of that responsibility includes access to the courts to seek vindication and redress when one is aggrieved. Mr. Ruffin asserts that any state action seeking to limit an individual's right to seek redress in court violates the most fundamental rights afforded by the state and federal constitutions.

## REASONS TO GRANT EQUITABLE TOLLING

As stated above, the actions of the Louisiana Fifth Circuit Court of Appeal was an illegally adopted procedure which would have forced Mr. Ruffin, unawares, into the federal courts without exhausting his writ application on the state level. On April 24, 2009, the Louisiana Supreme Court transferred *State ex rel. Ruffin v. State*, back to the Louisiana Fifth Circuit Court of Appeal with orders for them to fully comply with the en banc resolution of September 9, 2008. See, *State v. Cordero*, 08-1717 (La. 10/3/08), 993 So 3d 203, *reh'g denied*, (La. 10/31/08). The court determined that between February 8, 1994 and May 21, 2007, Mr. Ruffin filed three pro-se writ applications; 08-WR-1124; 089-WR-74; 11-KH-269. The review afforded these three applications amounted to fraud, misrepresentation and misconduct that was discovered after Mr. Peterson committed suicide and left a note revealing the fraudulent procedures undertaken by the Fifth Circuit Court of Appeal. These actions became void, reversed and vacated upon Louisiana Supreme Court's decision in *Cordero*, supra.

Further, the fraudulent actions of the Louisiana Fifth Circuit Court of Appeal has placed a profound injustice upon Mr. Ruffin through the illegally adopted procedures which has caused this habeas corpus writ application"untimely, when in fact his application had never been exhausted because the Fifth Circuit Court of Appeal had never considered it as required, by a legally constituted three judge panel, even though it was before them timely. This fraudulent action was a state created

8

impediment and no fault of the Mr. Ruffin, who could not foresee these actions and relied strictly on the ethics of the judges in the Fifth Circuit Court of Appeal.

28 U.S.C. § 2254 gives to this court the authority to disavow and correct the ills of the Louisiana Fifth Circuit blatantly placed upon this court in adjudicating Mr. Ruffin's writs in an illegal and unjust manner.

It has been widely articulated in many federal court rulings that "an unconstitutional law is void, and is as no law. Proceedings which are created by it are not proceedings. Most importantly stated is any actions under it is not merely erroneous, but is illegal and void, and cannot be a legal cause to deny an individual his guaranteed constitutional right to indulge within fair play when petitioning the courts."

The illegally adopted procedures utilized by the Louisiana Fifth Circuit were indeed cruel in every approach to the word, based on the affect it had on Mr. Ruffin's habeas corpus application. In the light that has now revealed that the application had never been considered by a three judge panel, but, in fact only by Central Staff Director Jerrold Peterson, using a self-adopted process called "sticky note", in which as stated above, Mr. Peterson would attach a "sticky note" to a pro-se writ application containing his selection for denial and send it to Judge Dufresne who would sign it without any review by himself or the other two Judges whose names appeared on the denial. This was not in compliance with Louisiana Rules of Appeals, Rules 1-5, Louisiana Statutory Law, and denied Mr. Ruffin the right to judicial review afforded by the State and Federal Constitutions, leaving Mr. Ruffin's writ application not exhausted and still pending until June 22, 2012.

It is clear that Mr. Ruffin appealed his conviction to the Louisiana Fifth Circuit Court of Appeal. It is also clear that the Louisiana Fifth Circuit Court of Appeals illegally adopted procedures had the affect of denying pro-se petitioner's their rights to judicial review by a legal constituted three judge panel, thereby leaving these timely filed pro-se writ applications not considered nor exhausted for

9

AEDPA purposes. These applications were still pending in the Fifth Circuit Court of Appeal and no other court could assume jurisdiction.

The Louisiana Supreme Court recognized this fact in the actions they took in *State v. Cordero*, supra, and *State ex rel. Ruffin v. State*, supra, by ordering the Louisiana Fifth Circuit Court of Appeal to comply with the en banc resolution of September 9, 2008, which legally considered and exhausted Mr. Ruffin's "pending" writ application, No. 11-KH-269; 08-WR-1124; 09-WR-74, on September 15, 2011. On June 22, 2012, the Louisiana Supreme Court ruled denying Mr. Ruffin's writ application making his state process legally final.

Based on the above facts, Mr. Ruffin states that 28 U.S.C. § 2244 authorizes this Honorable Court to grant equitable tolling on "newly discovered evidence" that only became discoverable upon the suicide death of Mr. Peterson; and pleadings that only became final on when the Louisiana Supreme Court denied petitioner on June 22, 2012; that the Louisiana Fifth Circuit Court of Appeals committed fraud, misrepresentation and misconduct; that any ruling from the Louisiana Fifth Circuit Court of Appeal between February 8, 1994 and May 21, 2007, as in Mr. Ruffin's case is based on an illegally adopted procedure that has been shown fraudulent by it's nature and has become void, without any legal force; that time frame under 28 U.S.C. § 2244 that this court will use to base it's decision of Mr. Ruffin's habeas petition should be equitably tolled.

Mr. Ruffin has a legitimate entitlement to due process, equal protection and access to both state and federal courts. The Louisiana Fifth Circuit's failure to submit Mr. Ruffin's pro-se writ application to a three judge panel left his writ application unconsidered and therefore not exhausted and still pending in that court until June 22, 2012.

The following relief is requested (equitable tolling) because there is no other adequate remedy at law available to Mr. Ruffin, as the Louisiana Fifth Circuit's fraud, misrepresentation and misconduct has caused his subsequent federal request for habeas corpus relief to be considered on false records,

and because the time delays ordinarily provided by law for the submission of his petition for habeas corpus relief should be judge pursuant to 28 U.S.C. 2244, which is 365 days from the finality of a State Court decision, which in Mr. Ruffin's case would be June 22, 2012.

Mr. Ruffin further prays that this Honorable Court grant him equitable tolling and grant this habeas petition.

A. **Timeliness**

Title 28 U.S.C. § 2244 provides a one-year limit for the filing of an application for a Writ of Habeas Corpus with the Federal Courts. 28 U.S.C. § 2244(d)(1). The limitation period commences from the latest of:

*(A) The date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;*

*(B) The date on which the impediment to filing an application created bt the State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;*

*(C) The date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or*

*(D) The date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.*

Ibid. (emphasis added). Moreover, "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). The one year time limitation imposed by § 2244(d)(1)(A) begins to commence on "the date on which the judgment becomes final by the conclusion of direct review." A state prisoner's conviction becomes

11

"final" for the purposes of §2244 ninety (90) days after the judgment is entered, when the time to file a petition for writ of certiorari with the U.S. Supreme Court has expired. *Roberts v. Cocrell*, 319 F. 3d 690, 693 (5th Cir. 2003). A pending state habeas or post-conviction proceeding tolls the statute of limitations crested by § 2244(d)(1). *Ybanez v. Johnson*, 204 F. 3d 645, 646 (5th Cir. 2000). "[A] state application is 'pending' during the intervals between the state court's disposition of a state habeas and the petitioner's timely filing of a petition for review to the next level." *Dixon v. Cain*, 316 F. 3d 553, 556 (5th Cir. 2003).

### B. AEPDA Standard of Review.

Questions of law and mixed questions law and fact are reviewed under § 2254(d)(1), while pure questions of fact are reviewed under § 2254(d)(2). *Hill v. Johnson*, 210 F. 3d 481, 485 (5th Cir. 200). The state court's decision is contrary to federal law within the meaning of § 2254(d)(1) if the state court applies a rule contradicting the governing law set forth in the Supreme Court's cases, or the state court "confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [Supreme Court] precedent." *ibid.*; *see Williams v. Taylor*, 529 U.S. 362, 405-06; 120 S. Ct 1495; 146 L. Ed. 2D 389 (2000). A state court's factual findings constitute "an unreasonable application of clearly established" Supreme Court precedent if the state court "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." Williams, 529 U.S. at 407-08. The inquiry into the issue of "unreasonableness" is objective. *Ibid.* at 409-10. A state court's incorrect application of clearly established Supreme Court precedent is not enough to warrant federal habeas relief – the application must also be unreasonable. *Ibid.* at 410-12.

## QUESTIONS OF LAW

1. **Whether the imposition of imprisonment at Hard Labor renders illegal**

12

Castadel Ruffin's Habitual Offender sentence under former 15:529.1 (G)?
(A due process violation )

2. Defendant was Illegally Sentenced When The Trial Court Adopted an Incorrect Statement of The Original Sentence Imposed as The Trial Court's Intent at Original Sentence was to Impose a Lenient Sentence
(A due process violation)

3. Illegal Sentence due to Application of LA. R. S. 15:529.1, A violation of the Fourteenth Amendment Requirement that [O]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.

## LAW AND ARGUMENT

Petitioner avers that his constitutional rights under the Louisiana Constitution Article I § 2 (Due Process), §16 (Right to a Fair Trial), has been violated, in violation of his protected rights under the United States Constitutions, 5th and 14th Amendment[s]. The U.S. Constitution, as framework from which all federal and state law springs, has been violated as applied to the Petitioner resulting from the a decision in the Fifth Circuit Court of Appeal, in docket no's. 09-WR-74, 11-KH-269, AND 08-WR-1124.

## ISSUES FOR REVIEW

## CLAIM I

Whether the imposition of imprisonment at Hard Labor renders illegal Castadel Ruffin's Habitual Offender sentence under former 15:529.1 (G)?

NO: 11-KH-269

Under the provision of *La. C.Cr.P. Art. 882*, an illegal sentence shall be corrected at any time by the court that imposed the sentence. It is essential that this Honorable Court treat this Motion as styled. *State ex rel. Terry L. James v. John Whitley*, 646 So 2d 366 (La. 1994). In *James*, the Louisiana Supreme Court remanded the case to the district court.

> Realtor moved the district court under LSA-C.Cr.P. Art. 882 to correct an illegal sentence, and the district court denied the motion as untimely pursuant to LSA-C.Cr.P. 930.8 (A). However, the timeliness provisions of LSA-C.Cr.P. Art. 930.8(A), apply to applications for post conviction relief made under La. C.Cr.P. Art. 924-930.8, and do not apply to motions to correct illegal sentences made under La. C.Cr.P. Art. 882. State ex rel. Johnson v. Day, 637 So 2d 1062 (LA. 1994); State v. Johnson, 220 La. 64, 55 So 2d 782 (1951), which states that an illegal sentence may be corrected at any time by the court that imposed the sentence.

## QUESTION PRESENTED

Whether former La. R.S. 15:529.1 (G) authorized the sentencing judge to impose a provision of [hard labor] on Castadel Ruffin's Habitual Offender Sentence?

Whether the imposition of imprisonment at Hard Labor renders illegal Castadel Ruffin's Habitual Offender sentence under former 15:529.1 (G)?

Whether correcting Castadel Ruffin's illegal sentence would require the Court to simply delete the Hard Labor provision or vacate the entire habitual offender sentence?

## TRIAL COURT'S LACK OF AUTHORITY

14

Castadel Ruffin claims that the trial judge lacked authority to impose a provision of "Hard Labor" on the habitual offender sentence under former R.S.15:529.1 (G).

One of the traditional, inherent and exclusive powers of the judiciary is the power to sentence. *State v. Lecompte*, 406 So 2d 130, 133 (La. 1981) (on rehearing), after a defendant is convicted of a crime. The determination of his sentence is within the sound discretion of the trial judge. *State v. Jackson*, 298 So 2d 777, 780 (La. 1974). However, the trial judge's sentencing discretion is not unbridled, as the legislative branch of government is free to decide what constitutes a crime as well as "what punishment shall be meted out by the court after judicial ascertainment of guilt. *State v. Normand*, 285 So 2d 210, 211 (La 1973). Therefore, the fixing of penalties is purely a legislative function, but the trial judge has the discretion to determine the appropriate sentence within the sentencing range fixed by the legislature. Supra at 211. The legislature has fixed the penalty clauses of our criminal statutes, which provide, generally that an offender be imprisoned. This imprisonment may be mandatory at hard labor, (e.g. *LSA-R.S. 14:30.1*), or hard labor may be imposed at the option of the sentencing judge, (e.g. *LSA-R.S. 14:32*). In other statutes, imprisonment alone, (without hard labor) is permitted. (e.g. *LSA-R.S. 14:91.11 (D)* ).

By **Act No. 69, 2010**, which became effective on June 1, 2010, the legislature amended *La. R.S. 15:529.1 (G)*, adding the term "hard labor" to the sentencing clause of the statute. However, at the time the offense was committed in this case, August 21, 2000, *La. R.S. 15:529.1 (G)* did not have the words **"Hard Labor"** in the sentencing clause. The law in affect at the time of the commission of the offense is determinative of the penalty which the convicted accused must suffer. *State v. Sugasti*, 820 So 2d 518 (La. 6/2/02). "It is the rule in this State that the penalty provisions in effect at the time of the offense is applicable provision". *State v. Clark*, 391 So 2d 1194 (LA. 1980).

When the legislature changed the wording of a statute, it is presumed to have intended a change in the law. *SWAT 24 Shreveport Bossier, Inc. v. Bond*, 808 So 2d 294, 305 (La. 6/29/01). The penalty

15

provision of the former version of *15:529.1 (G)*, was not worded to include hard labor. The amended version reflects the legislative intent to change the law from prohibiting hard labor, to authorizing hard labor. The amendment confirms legislative intent that prior to 2010, Judges lacked authority to impose hard labor under *R.S. 15:529.1 (G)* prior to this amendment.

The Louisiana Supreme Court addressed the lack of trial court's authority in two other cases. In those cases, the court found that the trial judge was without authority to impose a fine under *R.S. 15:529.1*. The Court held that the statute does not authorize he imposition of a fine, but only provides for enhance sentences relating to the term of imprisonment. The Supreme Court deleted the fine provision of defendant's sentence. *State v. Dixon*, 584 So 2d 668 (La. 1991); *State v. Dickerson*, 584 So 2d 1140 (La. 1991). Likewise, in the present case, *R.S. 15: 529.1 (G)* did not provide for imprisonment at hard labor; the Court lacked authority to sentence Castadel Ruffin to that type of confinement.

Thus, before the legislature changed the law in 2010, the court in the present case, which sentenced Castadel Ruffin in 2008, was without legislative authority to impose a provision of hard labor on *R.S. 15:529.1 (G)*.

## HARD LABOR/ILLEGAL SENTENCE

The court's imposition hard labor renders Castadel Ruffin's habitual offender sentence illegal.

The legislative intent of the former version of *La. R.S. 15:529.1 (G)*, accords with the view taken by the court in *State v. Williams*, 815 So 2d 378 (La. App. 1st Cir. 3/28/02), a case dealing with the interpretation of *La. R.S. 14:63.3*, Use of Fire Arm additional penalty to Armed Robbery, another statute which did not provide for the imprisonment to be served at hard labor. In *State v. Williams*, the defendant was sentenced to an additional five years imprisonment at hard labor under *R.S. 14:64.3*. After patent error review on appeal, the First Circuit found an error in sentencing that the defendant's sentence was illegal because the statute did not provide for imprisonment to be served at hard labor.

16

The Appeals Court amended the sentence by deleting the provision of hard labor and remanded the case to the trial court for the correction of minutes and commitment order.

The statute's failure to provide for hard labor may be of legislative oversight. Nevertheless, it is a well established tenet of statutory construction that criminal statutes are subject to strict construction. Any ambiguity in the substantive provisions of a criminal statute are resolved in favor of the accused and against the State. *State v. Carr,* 716 So 2d 1271, 1274 (La. 5/26/00).

After *Williams,* supra, the legislature, in 2006, amended *R.S. 14:64.3* to provide the sentence to be served at hard labor.

*Williams'* situation and Castadel Ruffin's situation in the present case are analogous to *La. C.Cr.P. Art. 884,* and the jurisprudence thereunder. *Article 884* provides in pertinent part that "if a sentence imposed includes a fine or cost, the sentence shall provide that in default of payment thereof, the defendant "shall be imprisoned for a specified period not exceed one year...". The First Circuit Court of Appeal has held that this article authorizes only "imprisonment" and not imprisonment at hard labor. *State v. Banks,* 97-2257 (La App. 1st Cir. 9/25/98), 721 So 2d 24, 27, writ denied, 98-3210 (La 4/23/99), 742 So 2d 877. see also, *State v. Washington,* 27,464 (LA App. 2nd Cir)

Accordingly, the hard labor provisions imposed on Castadel Ruffin's sentence as a habitual offender under *15:529.1 (G)* creates an illegal sentence.

### CORRECTING THE ILLEGAL SENTENCE

The defendant in a criminal case does not have a constitutional or statutory right to an illegal sentence. *State v. Fraser,* 471 So 2d 769, 774-775 (La. App. 1st Cir 1985) Quoting *Bozza v. United States,* 330 U.S. 160, 67 S. Ct. 645, 91 L, Ed 818 (1947). When a sentencing court discovers a sentence does not conform with an applicable statute, it has a duty to correct the sentence to bring it into compliance with the statute... *United States v. Allen,* 588 F. 2d 183 (5th Cir. 1979); *Llerena v. United States,* 508 F 2d 78 (5th Cir. 1975).

17

It is undisputed in Castadel Ruffins case that the sentencing judge lacked authority to impose hard labor under the old law and the imposition of hard labor creates an illegal sentence, which the court has the duty to correct. The trial court can easily correct Castadel Ruffin's sentence to bring it into compliance with the former *R.S. 15:529.1 (G)* by deleting the hard labor provision. However, the deletion of hard labor from Castadel Ruffin's sixty (60) year sentence, would divest the court of authority to commit Castadel Ruffin to the Louisiana Department of Corrections.

Since *R.S. 15:824 (C)* permits commitment to D.O.C. of "only those individuals actually sentenced to death or confinement at "*hard labor*", the trial court would lack authority to commit Castadel Ruffin to D.O.C. after deleting the hard labor provision. A person sentenced without hard labor is not to be committed to the Louisiana Department of Corrections.

Additionally, leaving Castadel Ruffin's sixty (60) year sentence imposed (minus hard labor), the trial court would also lack authority to commit Castadel Ruffin to the parish prison since *LSA-R.S. 15:302 (C) (6)*, prohibits confinement to parish prisons of second and third offenders or persons whose sentence exceeds five years. Castadel Ruffin's sentence exceeds five years by fifty-five (55) years and he is a second offender. (see Multi-bill of information and minute entry.) The Fourth Circuit Court of Appeals addressed this issue in *State v. Coleman*. The Court reasoned that because defendant was a third felony offender, the trial erred in sentencing him to Orleans Parish Prison. 514 So 2d 583 (La App. 4th Cir. 1987).

In light of *R.S. 15:824 (C)* and *15:302 (C) (5)(6)*, no valid and enforceable sentence can be imposed on Castadel Ruffin under the habitual offender law. Furthermore, Louisiana's ex post facto law prohibits the court from adding hard labor to Castadel Ruffin's sentence because hard labor increases the penalty. *State ex rel. Olivieri v. State*, 779 So 2d 735 (La. 2/21/01).

Thus, the manner in which the court can correct Castadel Ruffin's sentence to make it lawful and maintain it's authority to commit him to D.O.C. is by vacating the entire habitual offender sentence

18

and re sentencing him under R.S. 40:981.3, relative to distribution of cocaine within 1000 feet of a school, for which he was convicted.

**WHEREFORE,** Castadel Ruffin prays that this Honorable Court correct his illegal sentence by vacating his multiple offender sentence, and resentence him to his original sentence of twenty (20) years, in compliance with the penalty clause for R.S. 40:981.3.

### CLAIM 2

**Defendant was Illegally Sentenced When The Trial Court Adopted an Incorrect Statement of The Original Sentence Imposed as The Trial Court's Intent at Original Sentence was to Impose a Lenient Sentence**

NO: 09-WR-74

Petitioner contends that his sentence of Sixty (60) tears at hard labor without benefits of parole, probation, or suspension of sentence as a multiple offender was illegally imposed because the trial court adopted an incorrect statement of the original sentence imposed as the court's original intent was clearly to impose a more lenient sentence.

On March 19, 2002, petitioner appeared before the court with his attorney Letita Parker-Davis for Multiple Offender Proceedings. On the record the following exchange took place between the state, trial court and defense:

**The Court:**

Alright. Based on the arguments of counsel and the evidence that's been submitted into the record, as well as the testimony previously taken, I find that Mr. Ruffin is in fact not a triple bill. However, based on the testimony and evidence placed on the record, I find that he is a double bill.

And as a result of that finding, Mr. Ruffin, I'm going to vacate the previous sentence that was imposed on you of **thirty years at hard labor**, and sentence you at this time, on the double bill, to

19

sixty years at hard labor.

**Ms. Davis:**

Your Honor, note my objection to the sentence as being severe, being that the state has given Mr. Ruffin the maximum sentence that is possible by law.

**Mr. Amstutz:**

Judge, for the record, I will advise that I believe he now has five convictions, three of which are for distribution, two are for possession, and I think that the sixty year sentence is appropriate.

Petitioner contends that his sentence of sixty years at hard labor w/o benefits was imposed because the sentencing court adopted an incorrect statement of the original sentence imposed as the trial court original intent was clearly to impose a sentence close to the mandatory minimum when the court original sentenced him to **Twenty years**, with a recommendation for treatment for substance abuse at the Blue Waters Drug Program.

At petitioner's original sentencing, the following took place:

**Mr. Davis:**

Yes, Your Honor, I'd just like the record to reflect that at the time the incident occurred, Mr. Ruffin was presently working at the hotel in question, and also your Honor, that Mr. Ruffin indicates he has a drug problem and requests treatment for said problem.

**The Court:**

Alright. At this time I'm going to sentence you to twenty years at hard labor, with the recommendation that you be considered for treatment for substance dependence by the Blue Waters Drug Treatment Program.

[T]he record should reflect consideration by the re-sentencing judge of the intent of the judge who imposed the original sentence, whether it be the same judge or another judge. If the intent of the

20

judge who imposed the original sentence was to impose a lenient sentence by sentencing petitioner to twenty-years and a drug treatment program, then that intent should be considered on re-sentencing.[1]

Thus, the *Desdunes* decision required the re-sentencing judge to attempt to ascertain the intent of the judge who imposed the original sentence, and both the prosecutor and the defendant should be allowed an opportunity to present evidence and argument regarding the intent of the original sentencing judge.

The trial courts original intent was to sentence petitioner close to the minimum sentence and drug treatment. Had the trial court intended for a maximum sentence he would have sentenced petitioner to thirty years originally. The court was not made aware of his original intent, not by the defendant's trial counsel, or the state's prosecutor at the time of re-sentencing on the double bill.

By this assignment of error, petitioner urges that the trial court erred utilizing the wrong original sentence during sentencing. Though the sentence actually fell within the prescribed range, the danger that such a mistake of law might have affected the trial courts attempt at leniency appears significant. The trial court's mistaken view of the previously imposed minimal sentence resulted in it's unknowingly imposition of a relatively stiffer sentence than the actual minimum one that was imposed originally. For this reason, a sentence founded on an incorrect review of the law or the previous sentence should usually be set aside.[2]

Petitioner argues that the rationale found in *Desdunes* apply to the present case. Petitioner submits that in accordance with the trial judge's statement and original sentence, it was his intent for him to receive a minimal lenient sentence.

That being the case, had the sentencing judge been aware of the correct original sentence and his intent at that previous sentencing, petitioner urges that the number of years that he would have been exposed to would have been double the twenty twenty years that he was originally sentenced to, or

---
1  See *State v. Desdunes*, 579 So 2d 452 (La. 1991)
2  See *State v. Spruell*, 403 So 2d 63 (La. 1981)

forty years at the maximum.

Therefore, since the record does not reflect the original intent of the sentencing judge in this case, and based on an incorrect view of law and original sentence, the sentence imposed of sixty years at hard labor which was imposed by the trial court's misstatement of the original sentence and the trial court not being made aware of the original sentence or his intent at that sentencing, resulted in the petitioner's sentence being illegal.

Accordingly, for the reasons and jurisprudence stated above, Mr. Ruffin was denied the process due to him and petitioner now asks this Honorable Court to review and set aside petitioner's sentence and remand this case back for re-sentencing with the trial court.

## CLAIM 3

**Illegal Sentence due to Application of LA. R. S. 15:529.1, A violation of the Fourteenth Amendment Requirement that [O]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.**

The sentencing judge on March 19, 202, when vacating the original twenty years at hard labor sentence on the charge of distribution of cocaine within 1000 feet of St. Christopher Elementary School, in violation of La. R.S. 40:981.3, and re-sentencing petitioner under La. R. S. 15:529.1 as second felony habitual offender to sixty years at hard labor, acted under the mistaken belief that R. S. 15:529.1 allowed it to increase the original sentence of twenty years to thirty years at hard labor, when in fact, the judge could only enhance petitioner's sentence under La. R.S. 15:529.1 to forty years at hard labor on the bases of the original sentence of twenty years and the court finding petitioner to be a a second felony offender.

In this case where the original sentence of twenty years at hard labor imposed upon conviction was increased upon the court's vacation of the original sentence to thirty years, was more severe than original imposed and could not stand where the record contained no justification for the increase, and

22

to allow further enhancement of a twenty year sentence to sixty years as a second felony offender.

The sentence by the trial court on March 19, 2002, under La. R.S. 15:529.1, as a second felony offender to sixty years is invalid and insufficient under the United States Supreme Court's decisions in *Blakely v. Washington*, 124 S. Ct 2531 (2004); *U.S. v. Lauersen*, 348 F 3d 329 (CA. 2 N.Y. 2003), made retroactively applicable to this case and circuit pursuant to *U.S. v. Booker*, 2005 WL 50108 (2005)

The above authorities hold that the Sixth Amendment prohibits imposition of an enhanced sentence under a process based on judicial determination on facts not found or admitted by the defendant.

Under *Blakely v. Washington*, supra; U.S. v. Booker, supra; *Apprendi v. New Jersey*, 530 U.S. 466, (2000); *U.S. v. Lauersen*, supra; and *Ring v. Arizona*, 122 S. Ct. 2428 (2002), the petitioner was entitled to a determination of any fact on which the legislature conditions an increase in the maximum punishment. Here, the maximum sentence that this petitioner could have received was forty (40) years. His original sentence was twenty (20) years and the habitual offender statute that he was sentenced under La. R. S. 15:529.1 as a second offender only subjected petitioner to maximum term of imprisonment of forty (40) years, double the original sentence of twenty (20) years.

Wherefore, Petitioner urges that he is entitled to have the sentence that he received on March 19, 2002, under docket number 00-5965 declared illegal and have this case remanded back to the trial court for re-sentencing in compliance with the original twenty (20) year sentence.

## CONCLUSION

To grant this writ is no more than simple justice, if justice can ever be called simple. Based on the arguments and case law cited herein, the conviction and sentence of petitioner should be set aside, and this court should grant all just and equitable relief to which petitioner is entitled under law.

Respectfully Submitted By:

*Castadell Ruffin*
Castadell Ruffin # 243717
Main Prison-Walnut-2
Louisiana State Prison
Angola, Louisiana 70712

## CERTIFICATE OF SERVICE

I, Castadell Ruffin # 243717, hereby certify that a true and correct copy of this Petition for Writ of Habeas Corpus has been mailed to the District Attorney, 24th Judicial District Attorney's Office, 200 Derbigny Street, 5th Fl., Courthouse Annex, Gretna, Louisiana 70053, this day of, 2013.

Respectfully submitted

*Castadell Ruffin*
Castadell Ruffin # 243717

24